UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEONEL V.F.,[1]

        Petitioner,

v.

PAMELA BONDI, U.S. Attorney General;
KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security; TODD
M. LYONS, Acting Director of U.S.
Immigration and Customs Enforcement;
DAVID EASTERWOOD, Acting Director of
St. Paul Field Office of U.S. Immigration
and Customs Enforcement; and JOEL
BROTT, Sheriff of Sherburne County, in
their official capacities,

        Respondents.

Case No. 25-CV-4474 (PJS/LIB)

ORDER

        David L. Wilson and Lee Anne Koller Mills, WILSON LAW GROUP, for petitioner.

        Erin M. Secord and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Joel Brott.

        This matter is before the Court on petitioner Leonel V.F.'s motion for a temporary restraining order ("TRO"). *See* ECF No. 5. Leonel is a citizen of Mexico who unlawfully entered the United States in about 1993 and has lived here ever since. ECF No. 2-1. Leonel has no criminal record other than traffic infractions. *Id.*; ECF No. 6 at 2.

---

[1]Because this is an immigration case, the Court identifies petitioner only by his first name and last initial. *Cf.* Fed. R. Civ. P. 5.2(c).

The government took Leonel into custody and, on November 18, 2025, initiated removal proceedings against him.² ECF No. 2–1. Leonel has since been incarcerated at the Sherburne County Jail. *Id.* Leonel's initial appearance in immigration court is scheduled for December 9, 2025. *Id.* Leonel filed his TRO motion on December 1, challenging his continued immigration detention without a bond hearing. ECF No. 5.

This Court recently held that "aliens who are already present in the United States" are not "alien[s] seeking admission," and therefore are not subject to mandatory detention pending removal under 8 U.S.C. § 1225(b)(2). *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).³ Instead, noncitizens who are already present in the United States are subject to 8 U.S.C. § 1226(a), which requires a bond hearing at the outset of detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Because Leonel is an alien already present in the United States, § 1226(a) (and not § 1225(b)(2)) applies to him, and he is entitled to a bond hearing.

---

²Leonel's arrest warrant is not in the record, so it is not clear when he was detained, but the Notice to Appear issued on November 18 was addressed to him at the Sherburne County Jail. ECF No. 2-1.

³The Court agrees with the numerous judicial decisions cited in Leonel's habeas petition and TRO brief that have reached the same conclusion. *See* ECF Nos. 1 at ¶ 59, 6 at 10.

In deciding a motion for a TRO, courts consider four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). No one factor is determinative, and the court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (citation modified). The moving party bears the burden to establish that these factors weigh in favor of granting temporary relief. *See, e.g., Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

All factors weigh in Leonel's favor. Leonel will win on the merits, as this Court has decided that noncitizens already in the United States (such as Leonel) are entitled to a bond hearing under 8 U.S.C. § 1226(a). *Santos M.C.*, 2025 WL 3281787, at *2–3. Next, Leonel will suffer irreparable harm absent a bond hearing. Depriving Leonel of the chance to be released on bond may result in his being unlawfully detained, and loss of liberty is an obvious example of irreparable harm. *See Matacua v. Frank*, 308 F. Supp. 3d

1019, 1025 (D. Minn. 2018). Last, the burden of providing Leonel a bond hearing is small, the consequences of Leonel being denied that hearing are potentially large, and both the government and the public have an interest in the fair and consistent enforcement of immigration laws.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner's motion for a temporary restraining order [ECF No. 5] is GRANTED insofar as the Court ORDERS respondents to provide petitioner a bond hearing within 14 days.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 4, 2025

_____
Patrick J. Schiltz, Chief Judge
United States District Court